UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. _____

| | |
|---|---|
| MASSACHUSETTS NURSES ASSOCIATION,<br><br>    Plaintiff<br><br>    v.<br><br>RADIUS SPECIALTY HOSPITAL - BOSTON and RADIUS SPECIALTY HOSPITAL-QUINCY,<br><br>    Defendants | |

**COMPLAINT**

**I.   INTRODUCTION**

1. This is an action under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101 et seq. (the WARN Act).

2. This court has jurisdiction to hear this complaint under 29 U.S.C. §2104(a)(5) and 28 U.S.C. §1331.

**II.   PARTIES**

3. The Plaintiff, Massachusetts Nurses Association (MNA) is a non-profit Massachusetts corporation and a labor organization with a principal place of business at 340 Turnpike Street, Canton, Massachusetts. MNA represents two bargaining units totaling approximately 100 registered nurses (RNs) for the purposes of collective bargaining at

   Radius Specialty Hospital – Boston and Radius Specialty Hospital – Quincy.  MNA brings this suit on behalf of the RNs and all persons similarly situated, pursuant to 29 U.S.C. §2104(a)(5).

4. The Defendant, Radius Specialty Hospital - Quincy (Radius-Quincy), is a non-profit Massachusetts corporation with a principal place of business at 114 Whitwell Street, Quincy, Massachusetts.  Radius-Quincy employs over 75 employees, including a bargaining unit of RNs represented by MNA.

5. The Defendant, Radius Specialty Hospital – Boston (Radius-Boston), is a non-profit Massachusetts corporation with a principal place of business at 59 Townsend Street, Boston, Massachusetts.  Radius-Boston employs over 100 employees, including a bargaining unit of RNs represented by MNA.

6. Radius-Quincy and Radius-Boston are both employers within the meaning of the WARN Act.

7. MNA is a representative within the meaning of the WARN Act.

### III. FACTS

8. At all times material, MNA and Radius-Boston have been parties to a collective bargaining agreement (the Boston CBA) effective by its own terms from October 9, 2012 – December 31, 2014.  A true copy of the Boston CBA is attached to this Complaint as Exhibit A.

9. The Boston CBA contains a provision at Article IX, Section 3 requiring no less than seven (7) days' written notice of any reduction in force, as

well as a reason why the reduction in force is necessary and a current seniority list for the bargaining unit.

10. At all times material, MNA and Radius-Quincy have been parties to a collective bargaining agreement (the Quincy CBA) effective by its own terms September 28, 2010 – March 31, 2013 and continuing in effect thereafter. A true copy of the Quincy CBA is attached to this Complaint as Exhibit B.

11. The Quincy CBA contains a provision at Article XI, Section 11.1 requiring at least seven (7) days' notice of any reduction in force.

12. On September 22, 2014, at approximately 12:54 p.m., a notice from Radius Specialty Hospital Director of Human Resources Christine Bresnahan was sent via email to MNA representatives. A true copy of that notice is attached to this Complaint as Exhibit C.

13. The notice states that all employees of Radius-Quincy and Radius-Boston will be laid off, beginning September 23, 2014.

14. The notice does not comply with either the Boston CBA or the Quincy CBA.

15. In addition, Radius-Quincy laid off approximately sixteen (16) RNs, effective September 20, 2014. These RNs also fall within the protection of the WARN Act.

**COUNT I – VIOLATION OF THE WARN ACT (RADIUS-QUINCY)**

16. Paragraphs 1-15 are hereby re-alleged and incorporated by reference.

17. The closure of Radius-Quincy, including the layoff of some 24 RNs last week, is a plant closing within the meaning of the WARN Act.

18. Radius-Quincy failed to comply with the notice requirements of 29 U.S.C. §2102(a) and 20 C.F.R. §639.7 before announcing its closure. In particular, but without limitation, Radius-Quincy failed to give appropriate written notice of the closure to employee representatives, affected employees, and the responsible state and local entities no less than 60 days prior to its announced closure.

19. Radius-Quincy failed to make good faith efforts to comply with the notice requirements of the WARN Act.  In particular, but without limitation, Radius-Quincy did not attempt to bargain over the impacts of the closure with employee representatives, and did not adhere to the seven-day notice requirement contained in the CBA between it and MNA.

20. Radius-Quincy did not give an adequate statement of its reasons for complying with the notification period required by the WARN Act.

21. Radius-Quincy does not qualify for any of the exemptions or grounds for reducing the notification period set forth in the WARN Act.

22. As a result of Radius-Quincy's violations of the WARN Act, the purpose of the WARN Act as set forth in 20 C.F.R. §639.1 was defeated, resulting in hardship and financial loss for affected employees (including the RNs represented by MNA), their families, and their communities.

23. As a remedy, MNA requests that Radius-Quincy be directed to pay to each aggrieved employee the maximum back pay and benefits to which each is entitled under 29 U.S.C. § 2104 (a)(1), a reasonable attorney's fee, and such other and further relief as is necessary to do justice.

**COUNT II – VIOLATION OF THE WARN ACT (RADIUS-BOSTON)**

24. Paragraphs 1-23 are hereby re-alleged and incorporated by reference.
25. The closure of Radius-Boston is a plant closing within the meaning of the WARN Act.
26. Radius-Boston failed to comply with the notice requirements of 29 U.S.C. §2102(a) and 20 C.F.R. §639.7 before announcing its closure. In particular, but without limitation, Radius-Boston failed to give appropriate written notice of the closure to employee representatives, affected employees, and the responsible state and local entities no less than 60 days prior to its announced closure.
27. Radius-Boston failed to make good faith efforts to comply with the notice requirements of the WARN Act. In particular, but without limitation, Radius-Boston did not attempt to bargain over the impacts of the closure with employee representatives, and did not adhere to the seven-day notice requirement contained in the CBA between it and MNA.
28. Radius-Boston did not give an adequate statement of its reasons for complying with the notification period required by the WARN Act.

29. Radius-Boston does not qualify for any of the exemptions or grounds for reducing the notification period set forth in the WARN Act.

30. As a result of Radius-Boston's violations of the WARN Act, the purpose of the WARN Act as set forth in 20 C.F.R. §639.1 was defeated, resulting in hardship and financial loss for affected employees (including the RNs represented by MNA), their families, and their communities.

31. As a remedy, MNA requests that Radius-Boston be directed to pay to each aggrieved employee the maximum back pay and benefits to which each is entitled under 29 U.S.C. § 2104 (a)(1), a reasonable attorney's fee, and such other and further relief as is necessary to do justice.

## IV.  REQUEST FOR RELIEF

**WHEREFORE**, MNA prays

a) that judgment be entered in its favor;

b) that the Court direct the Defendants to pay to each aggrieved employee the maximum back pay and benefits to which each is entitled;

c) that the Court direct the Defendants to pay MNA's attorney fees and reasonable costs; and

    d)    that the Court grant such other and further relief as it deems just.

        Respectfully submitted,

        On behalf of the Massachusetts Nurses Association

        By its attorneys,

        *Mark A. Hickernell*
        Alan J. McDonald, BBO # #330960
        Mark A. Hickernell, BBO #638005
        McDonald, Lamond, Canzoneri & Hickernell
        352 Turnpike Road, Suite 310
        Southborough, MA 01772-1756
        (508) 485-6600
        amcdonald@masslaborlawyers.com
        mhickernell@masslaborlawyers.com

Date:  September 23, 2014