UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MASSACHUSETTS NURSES ASSOCIATION,
    Plaintiff,

   V.
                                            CIVIL ACTION NO.
                                                    14-13686-FDS
RADIUS SPECIALTY HOSPITAL, LLC d/b/a
RADIUS SPECIALTY HOSPITAL,
    Defendant.

**MEMORANDUM AND ORDER RE:**
**NON-PARTIES' MOTION TO QUASH NON-PARTY SUBPOENA**
**(DOCKET ENTRY # 43)**

**October 18, 2016**

**BOWLER, U.S.M.J.**

Non-parties Radius Specialty Hospital Corporation ("RSHC"), Radius Management Services II, Inc. ("RMS"), Radius Management Services, Inc. ("RMSI"), Radius Specialty Hospital Boston ("RSHB") and Radius Specialty Hospital Quincy ("RSHQ") (collectively "the non-parties") move to quash a post-judgment subpoena issued by plaintiff Massachusetts Nurses Association ("MNA") to Santander Bank N.A. ("Santander"). (Docket Entry # 43). MNA, a labor organization representing a number of registered nurses formerly employed at two hospitals, RSHB and RSHQ, opposes the motion. (Docket Entry # 51). After conducting a hearing on October 13, 2016, this court took the motion (Docket Entry # 43) under advisement.

BACKGROUND

The subpoena seeks bank statements of all accounts held by

Santander in the name of each of the non-parties and in the name of defendant Radius Specialty Hospital, LLC d/b/a/ Radius Specialty Hospital ("defendant") from January 1, 2013 to the present. (Docket Entry # 43-1). The non-parties submit that the subpoena seeks confidential and irrelevant financial information. (Docket Entry # 43). MNA contends that the non-parties functioned as "one entity" or as "alter egos" with defendant and that their financial information "is relevant to whether [defendant] has the ability to pay the judgment." (Docket Entry # 51). As set out in the amended complaint, defendant operated the two hospitals where the registered nurses worked. (Docket Entry # 17). As also stated in the amended complaint, the hospitals failed to provide 60 days notice to the nurses before closing the facilities in September 2014 in violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101-2109. (Docket Entry # 17). A default judgment issued against defendant in the amount of $1,031,119.95 on February 1, 2016.

## DISCUSSION

These post-judgment proceedings arise under the enforcement jurisdiction of this court. See U.S.I. Properties Corp. v. M.D. Const. Co., 230 F.3d 489, 496-497 (1st Cir. 2000). Under the court's post-judgment enforcement jurisdiction, "proceedings can reach third parties so long as it is necessary to reach assets of

the judgment debtor under the control of the third party in order to satisfy the original judgment and thereby guarantee its eventual executability." Id. at 497.  To the extent plaintiff seeks to impose liability on the non-parties based inter alia on fraudulent transfers, this court lacks jurisdiction.  See id. at 498-499 (if post-judgment proceedings present new substantive theory to establish direct liability of third party, federal court requires independent basis for jurisdiction; discussing Supreme Court case requiring independent jurisdiction over claim to impose liability against third party based on piercing corporate veil).  Substantive state law claims directly against the non-parties are therefore outside the federal question jurisdiction of the amended complaint and the parties are not diverse.  Accordingly, the present proceedings are limited to a means to obtain assets of defendant held by the non-parties.

"The rules governing discovery in postjudgment execution proceedings are quite permissive." Republic of Argentina v. NML Capital, Ltd., 134 S.Ct. 2250, 2254 (2014); see Fed.R.Civ.P. 69(a)(2) (judgment creditor "may obtain discovery from any person").  Although the scope of post-judgment discovery is "generously defined, a judgment creditor invoking the rule must still demonstrate that the discovery sought 'is relevant to the judgment debtor's income and property,'" i.e., the discovery is "tailored to reveal facts about the judgment debtor's hidden

assets." Koon Chun Hing Kee Soy & Sauce Factory, LTD. v. Star Mark Mgmt., Inc., 2010 WL 3780275, at *1 (E.D.N.Y. Sept. 22, 2010); Fed.R.Civ.P. 69(a)(2) (judgment creditor "may obtain discovery . . . as provided in these rules"); see Fed.R.Civ.P. 26(b)(1).

Here, plaintiff makes a sufficient showing, as evidenced by David Rousch's deposition and other exhibits attached to its opposition, that the bank statements may reveal fraudulently conveyed transfers of defendant's property, namely its funds, to RSHC, RMS and/or RMSI. See U.S.I. Properties Corp. v. M.D. Const. Co., 230 F.3d at 498 (citing Thomas, Head & Greisen Employees Trust v. Buster, 95 F.3d 1449, 1454 (9th Cir. 1996)). As aptly pointed out by the non-parties, however, Santander is unlikely to have bank records under the name of either of the two hospitals because the hospitals were only "doing business as" names of defendant. See Fried v. Wellesley Mazda, 2010 WL 1139322, at *1 (Mass.App.Div. 2010) ("use of the designation 'doing business as' does not create a separate legal entity . . . that may be made a party defendant") (citation omitted). Categories five and six in the subpoena are therefore stricken.

The non-parties also correctly assert that the subpoena is overbroad, particularly with respect to the time period at issue. See generally Lucas v. Jolin, 2016 WL 5844300, at *4 (S.D. Ohio Oct. 6, 2016) ("limits on post-judgment discovery from a

non-party by a judgment creditor are the limits that apply generally to all discovery requests to a non-party, including such concerns as relevancy and proportionality (or undue burden)"); Noel v. The Bank of New York Mellon, 2011 WL 3279076, at *2 (S.D.N.Y. July 27, 2011) (whether "subpoena imposes an 'undue burden' depends on factors including relevance, the need of the party for the documents, the breadth of the document request, *the time period covered by it*, . . . and the burden imposed'") (emphasis added); BSN Med., Inc. v. Parker Med. Associates, LLC, 2011 WL 197217, at *2 (S.D.N.Y. Jan. 19, 2011) ("Rule 45 should be read in conjunction with the limitations of discovery found" in Rule 26 and court "must balance the burden of production against the need for the requested documents"); Fed.R.Civ.P. 26(b).  The time period is therefore confined to the two months immediately before and after the February 1, 2016 default judgment.  Because defendant did not lodge an objection to the request for its bank statements, category one sets out a category of documents subject to production.[1]  Presumably, Santander has already produced the records in category one[2] or will do so in the near future.  Bank statements produced in

---

[1]  Represented by counsel, the non-parties (as opposed to the non-parties and defendant) filed the motion to quash objecting to categories two through six.  (Docket Entry # 43).

[2]  At the hearing, counsel for the non-parties likewise assumed production of defendant's bank statements.

response to category one may evidence transfers to the three non-party entities in categories two through four (RSHC, RMS and RMSI) outside the December 1, 2015 to April 1, 2016 time period covered in categories two through four.  See Fed.R.Civ.P. 26(b)(2)(C); Terry v. Richland School District Two, 2016 WL 687521, at *1 (D.S.C. Feb. 19, 2016) ("court must limit a plaintiff's discovery requests if the documents sought from the non-party are 'cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive'"); Tresona Multimedia, LLC v. Legg, 2015 WL 4911093, at *3 (N.D.Ill. Aug. 17, 2015) ("non-party subpoena seeking information that is readily available from a party through discovery may be quashed as duplicative or cumulative"); Noel v. The Bank of New York Mellon, 2011 WL 3279076, at *2.

As a final matter, albeit not raised by the parties, the non-parties have standing to move to quash the subpoena served on their bank, Santander.  See Pain Center of SE Indiana, LLC v. Origin Healthcare Sols. LLC, 2015 WL 2166708, at *2 (S.D.Ind. May 8, 2015); Enargy Power (Shenzhen) Co. Ltd. v. Xiaolong Wang, 2014 WL 2048416, at *2 n.4 (D.Mass. May 16, 2014); Solow v. Conseco Inc., 2008 WL 190340, at *4 (S.D.N.Y. Jan. 18, 2008); Catskill Development, L.L.C. v. Park Place Entertainment Corp., 206 F.R.D. 78, 93 (S.D.N.Y. 2002).  In light of confidentiality concerns (Docket Entry # 43, p. 1), the parties should confer to attempt

to craft a protective order for the records prior to production.

CONCLUSION

In accordance with the foregoing discussion, the motion to quash (Docket Entry # 43) is **ALLOWED** as to categories five and six and **ALLOWED** in part and **DENIED** in part as to categories two through four.

      /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge